UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KARL W. PLUMMER,

    Petitioner,

v.                                        CASE NO. 6:08-cv-155-Orl-35DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10). Petitioner filed a reply to the response (Doc. No. 15).

Petitioner alleges four claims for relief in his habeas petition: 1) the trial court erred in denying his motion for a judgment of acquittal as to counts one and two of the information; 2) he received ineffective assistance of trial counsel; 3) he received ineffective assistance of appellate counsel; and 4) the statewide prosecutor lacked jurisdiction to file an information against Petitioner.

## I. Procedural History

Petitioner was charged by information with conspiracy to traffic in MDMA[1] (count one) and trafficking in MDMA (count two). A jury trial was held, and Petitioner was found guilty as charged in the information. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of twenty years as to each count, with the sentences to run concurrently. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed.

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court, which was denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam*. Petitioner then filed a petition for writ of habeas corpus with the state appellate court, which was denied.

## II. Legal Standards

### A. Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court

---

[1] 3,4-Methylenedixoymethamphetamine.

decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

---

[2]Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

**B.      Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989)

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.  *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

4

on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## C. Exhaustion and Procedural Default

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a

5

procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). Furthermore, the Court explained:

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court. Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."

6

*Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Actual innocence means factual innocence, not legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995).  In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial."  *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

*III.*  **Analysis**

*A.*  **Claim One**

Petitioner argues that the trial court erred in denying his motion for a judgment of acquittal as to counts one and two of the information.  Petitioner alleges that there was a violation of his due process rights as guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

Petitioner argued on direct appeal that the trial court erred in failing to grant a judgment of acquittal as to count one of the information.  However, he did not present the claim in terms of a deprivation of a federal constitutional right, and he made no reference

to the federal constitutional issues raised here. *Ziegler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) (finding that the petitioner's federal habeas claims were not raised in the state court when the direct appeal made no reference to the federal constitutional issues raised in the federal habeas petition). Petitioner did not alert the state court to the fact that he was asserting claims under the United States Constitution. "[O]nly claims that were raised as federal constitutional issues before the state courts have been exhausted in the state courts." *Snowden*, 135 F.3d at 736 n.4. Thus, Petitioner's claim is unexhausted; however, since he would be precluded from now raising this claim in the state courts, it is procedurally defaulted.

Further, on direct appeal, Petitioner did not assert any error with regard to the trial court's failure to grant a judgment of acquittal as to count two of the information; therefore, that portion of this claim is also procedurally defaulted.

The Court finds that Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actually innocent exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, claim one is denied.

**B.  Claim Two**

Petitioner avers that he received ineffective assistance of trial counsel because of the following: a) counsel failed to object to the information; b) counsel failed to seek a severance of the two counts in the information; c) counsel failed to object to the last-minute amendment to the information; d) on five occasions, counsel allowed the State to

8

introduce, in front of the jury, three thousand sample pills that were not connected to Petitioner; e) counsel allowed the State to introduce evidence against Petitioner through an "unproven" confidential informant; f) counsel inadequately argued for a judgment of acquittal on Petitioner's behalf; and g) counsel allowed the prosecutor to make forty-five inappropriate comments throughout the trial and closing argument.

**1.    Issues a, c, e, and f.**

Issues a, c, and f were not raised with the state courts and are procedurally barred. The Court finds that Petitioner has not shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. The entire record has been reviewed, and the Court concludes that Petitioner is unable to satisfy either of the exceptions to the procedural default bar. Therefore, issues a, c, e, and f are denied.

**2.    Issue b.**

Petitioner states that counsel failed to seek a severance of the two counts in the information. This issue was raised in Petitioner's Rule 3.850 motion, and it was denied based on the trial court's finding that the charges were properly joined.

Florida Rule of Criminal Procedure 3.150(a) provides that two or more offenses that are triable in the same court may be charged in the same information in a separate count for each offense, when the offenses "are based on the same act or transaction or on 2 or more connected acts or transactions." In the present case, the two charges were trafficking in MDMA and conspiracy to traffic in the same MDMA (in addition to other quantities of MDMA), which Petitioner either bought or sold. These charges were based

on the same connected acts and transactions and were properly joined. Under the circumstances, counsel's conduct was reasonable, and there has been no showing of prejudice; consequently, this issue is without merit.

3. **Issue d.**

Petitioner asserts that counsel allowed the State to introduce, in front of the jury, three thousand sample pills that were not connected to Petitioner. The trial court denied this challenge, noting that the pills were introduced as demonstrative evidence.

Christine May, a senior crime analyst with the Florida Department of Law Enforcement, was asked by the State during trial whether she had examined an exhibit containing pills. (Appendix B, Transcript of Trial at 188.) Petitioner's counsel objected on the basis of relevancy, and the objection was overruled. The State continued to question Ms. May about the pills, and counsel again objected on the basis that there was no indication "where these pills came from here." *Id.* at 189. The objection was overruled, and Ms. May continued her testimony. *Id.* The State then moved to enter the exhibit containing the pills into evidence, and counsel again objected on the basis of relevancy. *Id.* at 189-90. The objection was overruled, and the exhibit was entered into evidence. *Id.* at 190. During closing argument, the prosecutor explained that the pills were entered into evidence for demonstrative purposes so that the jurors could observe the size of the pills. *Id.* at 390.

This issue is without merit. First, counsel objected on at least three occasions to the introduction of the pills. Counsel made appropriate objections under the circumstances, and his conduct was reasonable. Next, the pills were introduced as demonstrative

10

evidence so that the jurors could observe the size of the pills. Under the circumstances, it cannot be said that the state court's denial of this issue was "contrary to, or involved an unreasonable application of, clearly established federal law" or was "based on an unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d). As a result, Petitioner is not entitled to federal habeas relief on this claim.

### 4. Issue g.

Petitioner states that counsel allowed the prosecutor to make forty-five inappropriate comments throughout the trial and closing argument. The trial court denied this issue as being facially insufficient.

As noted by the trial court, Petitioner did not provide any specifics as to statements, arguments, or representations made by the State that were improper. Petitioner's allegations with regard to this issue are vague and conclusory and are inadequate as a matter of law to raise a cognizable claim of ineffective assistance of counsel. *See United States v. Cranshaw*, 817 F. Supp. 723, 728 (N.D. Ill. 1993). Petitioner's bald assertions are inadequate to overcome the presumption that counsel acted reasonably. *Matura v. United States*, 875 F. Supp. 235, 237 (S.D.N.Y. 1995). Petitioner has failed to satisfy either prong of the *Strickland* test, and this issue must fail.

### C. Claim Three

Petitioner alleges that he received ineffective assistance of appellate counsel because appellate counsel failed a) to object to the vague and ambiguous information, b) to argue that the trial court erred by failing to rule on Petitioner's motion in limine and to grant an appropriate continuance, c) to argue that the trial court erred in allowing the

11

introduction of the sample pills, d) to argue that the trial court erred with regard to its ruling on the motion for a judgment of acquittal, and e) to argue that there were improper prosecutorial comments.

### 1. Legal Standard

It is well established that a defendant has the right to effective counsel on appeal. *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir.), cert. denied, 469 U.S. 956 (1984). The standard for analyzing ineffective assistance claims is the same for trial and appellate counsel. *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987). The Eleventh Circuit has applied the Supreme Court's test for ineffective assistance at trial to guide its analysis of ineffective assistance of appellate counsel claims. Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502 U.S. 1077 (1992).

### 2. Issues a and e.

Petitioner argues that appellate counsel failed to object to the vague and ambiguous information (issue a) and failed to argue that there were improper prosecutorial comments (issue e).

Petitioner never raised objections to these matters at the trial level. Under Florida law, the failure of trial counsel to object at trial bars appellate review. *Jackson v. Dugger*, 931 F.2d 712, 715 n.7 (11th Cir. 1991); *Davis v. State*, 728 So. 2d 341 (Fla. 1st DCA 1999) (holding that issues regarding the denial of the defendant's motion to suppress and admission into evidence of his statements to police were not preserved for appellate review, since no objection was made during the trial when the statements were admitted). The sole exception to this rule is when the error constitutes "fundamental error." *Jackson*,

931 F.2d at 715 n.7. However, Petitioner does not establish that the arguments complained of in issues (a) and (e) constituted "fundamental error." Consequently, since these issues were not preserved for review on appeal, appellate counsel was procedurally barred from raising them on direct appeal and therefore was not deficient in failing to do so. *Id*. at 715.

    3.    **Issue b.**

Petitioner claims that appellate counsel failed to argue that the trial court erred by failing to rule on Petitioner's motion in limine and to grant an appropriate continuance.

Petitioner's trial counsel filed a motion in limine to withhold all evidence connected with Courtney Foster, a witness for the State. At the beginning of the trial, the trial court denied the motion in limine after discussion with both attorneys. The trial court ruled that it would allow the State to call Ms. Foster as a witness after a short, 45 minute continuance, during which defense counsel deposed Foster. (Appendix B, Transcript of Trial at 10-13). Petitioner's counsel did not object to the prosecutor's statements that Ms. Foster had been listed as a witness for the State since the beginning of the case (nearly a year). Moreover, counsel had been provided with copies of her sworn statements and copies of the tape recordings and transcripts of the phone calls during which she arranged the purchase of Ecstasy pills from Petitioner. Additionally, Petitioner's counsel did not dispute the prosecutor's assertion that Ms. Foster had been available for deposition for months, but the defense waited until several weeks before trial to schedule her deposition, at which time she was out of town and could not be located. The prosecutor stated that he had notified the defense on the day prior to trial that Ms. Fosterhad been

located in Clearwater and would return to Daytona for the trial. He noted that Ms. Foster's testimony would be short and that the defense knew the substance of her testimony. The prosecutor also noted that the defense had disclosed one of its witnesses several days before trial and that the State had not objected and had deposed the witness on the eve of trial. *Id*. at 7-10.

The trial court granted a forty-five minute continuance and delayed the start of the trial to permit defense counsel to depose Ms. Foster. *Id*. at 10-13. After the deposition, the trial court granted defense counsel's request to not call Ms. Foster until after lunch, so that he could obtain a transcript of her deposition for impeachment purposes. *Id*. at 14. Petitioner's counsel effectively cross-examined Ms. Foster.

Accordingly, it was reasonable for appellate counsel to forego this issue on appeal.

### 4.    Issue c.

Petitioner states that appellate counsel failed to argue that the trial court erred in allowing the introduction of the sample pills. As discussed above, the sample pills were introduced as demonstrative evidence, and there was no error in the introduction of this evidence. The Court finds that appellate counsel's decision not to pursue this issue was consistent with reasonable appellate strategy that, under the deferential standard of review articulated in *Strickland*, should not be second-guessed. *See Gray v. White*, No. C-94-2434 EFL, 1997 WL 16311, at *9 (N.D. Cal. January 6, 1997) ("appellate counsel does not have a constitutional duty to raise every nonfrivolous issue requested by defendant. The weeding out of weaker issues is widely recognized as one of the hallmarks

of effective appellate advocacy.")(citations omitted).

   5.   **Issue d.**

Petitioner claims that appellate counsel failed to argue sufficiently that the trial court erred with regard to its ruling on the motion for a judgment of acquittal.

On direct appeal, appellate counsel did challenge the trial court's failure to grant a judgment of acquittal as to count one. Petitioner's appellate counsel submitted an initial brief which was comprehensive, thorough, and well-argued. *Cf. Thomas v. Scully*, 854 F. Supp. 944 (E.D.N.Y. 1994) (the appellate brief submitted by counsel clearly showed the thoroughness of counsel's work). The fact that other arguments might have succeeded in the state appellate court "does not lead automatically to the conclusion that [Petitioner] was deprived of a constitutional right when his lawyer failed to assert such a claim." *Woodfork v. Russell*, No. 92-4301, 1994 WL 56933 (6th Cir. February 24, 1994) (unpublished opinion). As discussed by the district court in *Richburg v. Hood*, 794 F. Supp. 75 (E.D.N.Y. 1992),

> [T]he court simply notes that the decision of appellate counsel to choose among plausible options of appellate issues is preeminently a strategic choice and is "virtually unchallengeable." The petitioner has not even undertaken to demonstrate that the decision of his attorney not to raise this issue constituted an "unprofessional error" or that such error prejudiced his appeal.

*Id*. at 78. The Court finds that Petitioner has failed to demonstrate ineffective assistance of appellate counsel.


D.   ***Claim Four***

Petitioner argues that the statewide prosecutor lacked jurisdiction to file the

information against Petitioner. However, section 16.56, Florida Statutes provides authority for the Office of Statewide Prosecution to investigate and prosecute certain offenses, including those "connected with an organized criminal conspiracy affecting two or more judicial circuits." In the present case, there was no dispute that the drugs came from Dade County and were distributed in other counties, including Volusia County. Hence, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Karl W. Plummer is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 24th day of June 2009.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
sa 6/24
Counsel of Record
Karl W. Plummer